Michael J. Riccio, J.
These five defendants were arrested in connection with a “ gambling raid ” conducted by the New York State Police in the City of Amsterdam on October 2, 1972, and following the arrests proceedings were commenced in this court by the filing of accusatory instruments charging the defendants with the commission of gambling offenses. Such proceedings were terminated in this court on October 26,1972 when judgment was rendered under which the defendants were each fined a substantial amount and were each sentenced to a conditional discharge.[1]
When the defendants were arrested a sum of money in varying amounts was seized from each of them by a member of the New York State Police. For the purpose of the determination required to be made in the within proceedings the court has arrived at the conclusion that the police officer, having reasonable *52 cause to believe that an offense had been committed, seized the moneys as evidence constituting the offense. (CPL 690.10, subd. 4.)[2]
In these proceedings the defendants are applying for the return of the moneys taken from them.
The defendants argue in support of their respective applications that the moneys seized from them do not represent proceeds of the commission by them of a crime. The People contend that the moneys are “ fruits of the crime or crimes ” of which the defendants were convicted and for this reason should not be returned.
Hence from the respective positions stated in the papers submitted by the People and the defendants it would appear that the People and the defendants have in effect stipulated that the issue before this court in connection with these proceedings is whether the moneys seized represent a gain by the defendants from the commission of crimes.
With due respect to cpunsel for the People and counsel for the defendants the court finds itself in disagreement with the theory of learned counsel regarding the issue before this court. The court is of the opinion that the precise issue to be decided is not whether the moneys seized are proceeds of the commission of a crime, but the legal question before the court is whether the police officer had the right or authority to keep or impound the moneys after the termination of the criminal proceedings against these defendants.
The court has researched the law and has not found any statutory or decisional authority which would permit the police officer in the instant cases to withhold the confiscated moneys fitom the defendants. Under the old Penal Law and, more particularly, section 987 thereof, money betted or staked upon the outcome of any horse race was forfeited to the People of this State (see People v. Sylvester, 19 N. Y. S. 2d 606)[3].
When the New York State Legislature repealed the old Penal Law and replaced it with the revised Penal Law, which became effective September 1, 1967, the forfeiture feature of the old gambling statute was not transferred to the revised Penal Law. Thus, it appears that the forfeiture of gambling moneys by legislative fiat no longer, exists.
*53 In the absence of statutory authority this court is constrained to conclude that it is without power to deny the application of the defendants.[4]

. Defendants were convicted on their pleas of guilty, as follows: defendant Di Lorenzo, two counts of possession of gambling records in the second degree (Penal Law, § 225.15, subd. 1) and he was fined $1,000 on one conviction and $500 on the other; defendant Sandy, one count of possession of gambling records in the second degree, and she was fined $1,000; defendants Gowdie and Polikowski were each convicted of one count of possession of gambling records in the second degree, and each of them was fined $800 and defendant Paris, one count of loitering in a public place for the purpose of gambling (Penal Law, § 240.35, subd. 2) and he was fined $250. By agreement between the People and the defendants, the convictions upon said pleas of guilty were in full satisfaction of all charges filed in this court. The conditional discharges were made subject to certain conditions specified in a written order of this court, the violation or violations of which would subject the defendants to incarceration.

. The court was not furnished copies of search warrants. Therefore, -the court has proceeded upon the assumption that the seizures were either made pursuant to a search warrant or ineidential to an arrest without a search warrant.

. See, also, 11 Opns. St. Comp. 1955, p. 145.

. Sections 80.00 and 80.05 of the Penal Law authorize a sentencing court to apply the criterion of pecuniary gain in lieu of the dollar amount fines authorized for offenses. The amount of any such fine would have to be based upon legal evidence of the amount of the gain, hence, the court has to make a finding as to the amount of the gain. At the hearing a finding must be based upon a preponderance of the evidence and the burden of proof rests upon the People. (CPL 400.30.) The court gratuitously suggests that if the article 80 of the Penal Law procedures were applied in the instant eases, the People might have experienced some difficulty in meeting its burden of proof in connecting the moneys seized with the commission of the crime or crimes of which the defendants were convicted.